IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES M. IVEY, III, TRUSTEE, | ) | Case No. 05-13435 |
| | ) | |
| Plaintiff, | ) | Adv. No. 05-2118 |
| v. | ) | |
| | ) | |
| MELVIN W. WILSON and | ) | |
| DONNA H. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for hearing on August 24, 2006 upon the Motion for Summary Judgment filed by Charles M. Ivey, III (the "Plaintiff") on August 9, 2006 and the Motion for Summary Judgment filed by Melvin W. Wilson and Donna H. Wilson (the "Defendants") on August 11, 2006 (collectively the "Summary Judgment Motions").

At the hearing, John M. Blust appeared on behalf of the Plaintiff, and Aleta B. Kiser appeared on behalf of the Defendants.

Based upon the arguments presented at the hearing, a review of the Summary Judgment Motions, and a review of the entire official file, the Court hereby finds and concludes as follows.

ANALYSIS

Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 883-84 (1990); Stone v. Liberty Mut.

Ins. Co., 105 F.3d 188, 190-91 (4th Cir. 1997).  This rule requires that a court enter judgment against a party who, "after adequate time for ... discovery fails to make a showing sufficient to establish the existent of an element essential to that party's case, on which that party will bear the burden of proof at trial."  See Lujan, 497 U.S. at 884; Stone, 105 F.3d at 191.

    Both Summary Judgment Motions must be denied.  Factual issues were raised during the hearing that remain unresolved and are potentially material to this case.  For instance, the original title to the automobile in question is not in the Court record and could not be considered by the Court.  Summary judgment cannot be granted when genuine issues of material fact exist.  Thus, the Motions for Summary Judgment are hereby Denied.

    This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES M. IVEY, III, TRUSTEE, | ) | Case No. 05-13435 |
| | ) | |
| Plaintiff, | ) | Adv. No. 05-2118 |
| v. | ) | |
| | ) | |
| MELVIN W. WILSON and | ) | |
| DONNA H. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

## PARTIES IN INTEREST

Charles M. Ivey, III, Esquire

John M. Blust, Esquire

Aleta B. Kiser, Esquire

Melvin W. Wilson

Donna H. Wilson